IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PIMENTEL & SONS GUITAR MAKERS, INC.,
a New Mexico Corporation,

      Plaintiff,

vs.                                                          No. CIV 04-0360 JB/RLP

HECTOR PIMENTEL, an individual,
DANETTE I.L. PIMENTEL, an individual,
and DANETTE I. LOVATO-PIMENTEL
MUSIC ENTERPRISES, INC.,
a New Mexico Corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Strike and Memorandum in Support, filed December 29, 2004 (Doc. 44). The Court held a telephonic hearing on this motion on January 10, 2005. The primary issue is whether the Court should strike the new legal arguments and exhibit evidence that Plaintiff Pimentel & Sons Guitar Makers, Inc., advanced and proffered in Plaintiff's Reply Brief to Defendants' Response to Plaintiff's Motion for Preliminary Injunction, filed December 6, 2004 (Doc. 35). Because both parties represented to the Court that granting leave to file a surreply was acceptable, the Court will deny the Defendants' Motion to Strike and will grant the Defendants leave to file a surreply.

## PROCEDURAL BACKGROUND

On April 2, 2004, the Plaintiff, Pimentel & Sons Guitar Makers, Inc. ("Pimentel Guitar Makers") filed a Complaint against the Defendants alleging: (i) they had violated a 1989 Injunction; (ii) trademark infringement based on United States Trademark Registration No. 1,623,560 covering

handcrafted guitars and guitar repair services; (iii) false designation under 15 U.S.C. § 1125; and (iv) violation of the New Mexico Unfair Trade Practices Act. On May 6, 2004, Defendants Danette Pimentel and Danette I. Lovato-Pimentel Music Enterprises, Inc. ("Danette Pimentel") filed their Answer and Counterclaims (Doc. 8). Through the affirmative defenses asserted and the counterclaims presented, the Answer advised Pimentel Guitar Makers that one of the issues present in this case involves the issue of trademark "secondary meaning" for industries outside of "handcrafted guitars" and "guitar repair services." See Answer and Counterclaims ¶ ¶ 50-53, 56-57, at 7-8.

On November 1, 2004, Pimentel Guitar Makers filed its motion for an injunction. See Plaintiff's Motion for Preliminary Injunction, filed November 1, 2004 (Doc. 25). In its supporting papers, Pimentel Guitar Makers discussed the following points: (i) family background, see Brief in Support of Plaintiff's Motion for Preliminary Injunction, at 1, filed November 1, 2004 (Doc. 25); (ii) 1989 Injunction, see id. at 2; (iii) Defendants' State of New Mexico Trademark Registration, see id. at 3; (iv) allegations of infringement and violation of 1989 Injunction, see id. at 5; and (v) preliminary injunction request, see id. at 7. The motion for injunction does not discuss the concept of "secondary meaning."

Subsequently, the Defendants filed their Response to Plaintiff's Motion for Preliminary Injunction on November 18, 2004 (Doc. 30). In the response brief, the Defendants opposed the issuance of a preliminary injunction for numerous reasons, including the fact that: (i) Pimentel Guitar Makers did not discuss or establish "secondary meaning," see Defendants' Response to Plaintiff's Motion for Preliminary Injunction, at 13-14; and (ii) Pimentel Guitar Makers did not police its alleged trademark rights, thereby resulting in a "naked trademark license" that legally results in abandonment

of Pimentel Guitar Makers' alleged trademark rights, see id. at 17-19. On December 6, 3004, the Plaintiff filed Plaintiff's Reply Brief to Defendants' Response to Plaintiff's Motion for Preliminary Injunction (Doc. 35). Plaintiff's reply brief contains new arguments and evidence that were not part of Pimentel Guitar Makers' originally filed Motion for Preliminary Injunction. The Defendants' counsel received Pimentel Guitar Makers' reply brief on December 8, 2004. The Court subsequently set a hearing on the requested injunction relief approximately a week later, for December 15, 2004.

Specifically, Pimentel Guitar Makers asserted new arguments relating to the concept of "secondary meaning." See Plaintiff's Reply Brief at 5-7. Pimentel Guitar Makers did not offer these arguments, either expressly or inherently, in its moving papers. Further, in the reply brief, Pimentel Guitar Makers attached affidavits from guitar instructors whom Pimentel Guitar Makers currently employed or with whom it contracted in an effort to show that it gives "permission" to all guitar instructors to use the mark "Pimentel Music" for guitar instruction services. Again, Pimentel Guitar Makers had not proffered this evidence, either expressly or inherently, in its moving papers. In particular, the reply brief presented the following new arguments and evidence: (i) argument relating to "secondary meaning;" (ii) Exhibit 20, an affidavit from Cara Pimentel; (iii) Exhibits 21-22 and 27, which are exhibits from currently employed guitar instructions; (iv) Exhibit 24, which contains invoices and a letter from Mel Bay Publications; and (v) Exhibit 28, which is an affidavit from Mel Bay Publication's President.

Defendants Hector Pimentel, Danette Pimentel, and Danette I. Lovato-Pimentel Music Enterprises, Inc. (the "Defendants") jointly move the Court to strike the new legal arguments and exhibit evidence that Pimentel Guitar Makers. advanced and proffered in its reply brief. Alternatively, pursuant to D.N.M. LR-Civ. 7.6(b), the Defendants request leave of the Court to allow them to file

a surreply to address and otherwise respond to the new arguments and evidence found in the reply brief. Pimentel Guitar Makers opposes this motion.

## Local Rules

Rule 7.5 of the local civil rules provides:

7.5 Form of Motion and Related Evidence.

(a) A motion, response or reply must cite authority in support of the legal positions advanced. Movant's authority may be submitted in a separate brief filed and served contemporaneously with the motion.

(b) Movant must submit evidence, in the form of affidavits, deposition excerpts, or other documents, in support of allegations of fact

D.N.M.LR-Civ. 7.5. Rule 7.6(b) provides: "The filing of a surreply requires leave of the Court."

D.N.M.LR-Civ. 7.6(b)

## LAW ON MOTIONS TO STRIKE

Rule 12(f) provides:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. Rules of Civ. Proc. 12(f). Under rule 7(a), the complaint, answer and reply constitute the pleadings. Motions and other papers are not pleadings. See Fed. Rules of Civ. Proc. 7(a). "[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda." Searcy v. Soc. Security Admin., No. 91-4181, 1992 U.S. App. LEXIS 3805, *5 (10th Cir. March 2, 1992)(unpublished). See 2 James Wm. Moore et.al., Moore's Federal Practice § 12.37[2] (3d ed. 2004)("Only material included in a 'pleading' may be the subject of a motion to

strike, and courts have been unwilling to construe the term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

## ANALYSIS

Pimentel Guitar Makers did not allege it its moving papers any evidence or argument of "secondary meaning." Additionally, Pimentel Guitar Makers did not identify to the Court evidence of current instructors who would testify that Pimentel Guitar Makers would give "permission" to use the mark "Pimentel Music" to identify their guitar instruction services. The Defendants contend that, because Pimentel Guitar Makers' new arguments and evidence were not in its moving papers, they did not have an opportunity to respond to the new arguments and new evidence that Pimentel Guitar Makers advances.

Rule 12(f) provides for motions to strike pleadings. Plaintiff's Reply Brief to Defendants' Response to Plaintiff's Motion for Preliminary Injunction is not a "pleading" as defined by rule 7(a) of the Federal Rules of Civil Procedure. See Fed. Rules of Civ. Proc. 7(a). The Defendants may not attack the Plaintiff's reply by a motion to strike. The Court will deny the Defendants' Motion to Strike and Memorandum in Support.

At the hearing, the Court asked Kevin Lynn Wildenstein, counsel for Danette Pimentel whether leave to file a surreply addressed the Defendants' concerns. See Transcript of Hearing at 4:20-22.[1] Wildenstein represented that it did. See id. at 4:23. The Court then asked Dennis Armijo, counsel for the Plaintiff, whether allowing the Defendants to file a surreply was acceptable. See id. at 5:23 - 6:6. Armijo indicated that it was acceptable. See id. at 6:7. Based on the representations

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

of counsel the Court will grant the Defendants leave to file a surreply.

**IT IS ORDERED** that the Defendants' Motion to Strike is denied. The Defendants' request for leave to file a surreply is granted.

```
                                        _____
                                        UNITED STATES DISTRICT JUDGE
```

*Counsel:*

Dennis F. Armijo
Dennis F. Armijo, P.C.
Albuquerque,  New Mexico

   *Attorney for Plaintiff*


Kevin L. Wildenstein
Southwest Intellectual Property Services, LLC,
Albuquerque,  New Mexico

   *Attorney for the Defendants Danette I.L. Hinkle Pimentel
   and Danette I. Lovato-Pimentel Music Enterprises, Inc.*


Jerry A. Walz
Walz & Associates
Cedar Crest,  New Mexico

   *Attorney for the Defendant Hector Pimentel*