# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PIMENTEL & SONS GUITAR MAKERS, INC.,
a New Mexico corporation,

      Plaintiff,

vs.                                                  No. CIV-04-0360 JB/RLP

HECTOR PIMENTEL, an individual,
DANETTE I.L. HINKLE PIMENTEL,
an individual, and DANETTE I. LOVATO-
PIMENTEL MUSIC ENTERPRISES, INC.,
a New Mexico corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Letter from Dennis F. Armijo to the Honorable James O. Browning (dated January 13, 2005)(Doc. 65); and (ii) the Letter from Kevin Lynn Wildenstein and Jerry Walz to the Honorable James O. Browning (dated January 13, 2005)(Doc 64). The primary issue is whether the Court should consider affidavits attached to Plaintiff's Reply Brief to Defendants' Response to Plaintiff's Motion for Preliminary Injunction, filed December 6, 2004 (Doc. 35), in deciding the Plaintiff's Motion for Preliminary Injunction, filed November 1, 2004 (Doc. 25). Because the Court granted Defendants Hector Pimentel, Danette Pimentel, and Danette I. Lovato-Pimentel Music Enterprises, Inc. (the "Defendants") leave to file a surreply, the Court will consider the affidavits attached to Plaintiff's Reply Brief to Defendants' Response to Plaintiff's Motion for Preliminary Injunction.

## PROCEDURAL BACKGROUND

On November 1, 2004, Pimentel & Sons Guitar Makers, Inc., ("Pimentel Guitar Makers")

filed Plaintiff's Motion for Preliminary Injunction (Doc. 25). The Defendants filed their Response to Plaintiff's Motion for Preliminary Injunction on November 18, 2004 (Doc. 30). On December 6, 3004, the Pimentel Guitar Makers filed Plaintiff's Reply Brief to Defendants' Response to Plaintiff's Motion for Preliminary Injunction (Doc. 35). Pimentel Guitar Makers's reply brief contains new arguments and evidence that were not part of Pimentel Guitar Makers' originally filed Motion for Preliminary Injunction.

The Defendants jointly moved the Court to strike the new legal arguments and exhibit evidence that Pimentel Guitar Makers advanced and proffered in its reply brief. See Motion to Strike, filed December 29, 2004 (Doc. 44). On January 10, 2005, the Court held a telephonic hearing on the motion to strike. The Court denied the motion to strike, but gave the Defendants an opportunity to file a surreply brief to Pimentel Guitar Makers's reply brief in support of its motion for a preliminary injunction. See Memorandum Order and Opinion, filed January 24, 2005 (Doc. 58). At the conclusion of the hearing, the Court inquired whether there were any other issues that the Court should address, and Dennis Armijo, counsel for Pimentel Guitar Makers, asked whether the Court intended to rely upon the affidavits that it was attempting to introduce. See Transcript of Hearing at 7:5-10.[1] The Court instructed the parties to confer after the telephone hearing and attempt to reach an agreement; the Court instructed the parties that if they were unable to agree, they were to submit letters outlining their positions and providing authorities. See id. at 7:21 - 8:7.

After the telephone conference hearing, Armijo, Jerry A. Walz, counsel for Defendant Hector Pimentel, and Kevin L. Wildenstein, counsel for Defendants Danette I.L. Hinkle Pimentel and Danette

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

I. Lovato-Pimentel Music Enterprises, Inc., attempted to formulate an agreement regarding the use of affidavits for the motion for preliminary injunction; however, the parties were unable to agree on how the Court should handle the affidavits attached to the briefs that the parties filed in conjunction with the briefing on Pimentel Guitar Makers's request for a preliminary injunction. Accordingly, pursuant to the Court's instructions during the telephonic hearing held January 10, 2005, the parties submitted letters to the Court.

Pimentel Guitar Makers's position is that the Court, in making a determination, should take "under consideration, at the Court's discretion," all affidavits which the parties submitted. See Letter from Armijo at 1. The Defendants' position is that the Court should consider all of the Defendants' affidavits, but only some of Pimentel Guitar Makers's affidavits.

### LAW REGARDING CONSIDERATION OF AFFIDAVITS

In deciding a request for a preliminary injunction, the court may review and evaluate the credibility of testimony, affidavits, and other evidence. See Heideman v. South Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003). The United States Court of Appeals for the Tenth Circuit advises that a court has discretion to review evidence for a preliminary injunction. See O Centra Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 977-78, 1004-05 (10th Cir. 2004)(en banc).

### ANALYSIS

Pimentel Guitar Makers urges the Court to take into consideration all affidavits that the parties have submitted. The Defendants do not object to the Court considering the evidence that Pimentel Guitar Makers filed with its main brief and that the Defendants filed with their response brief. The Defendants argue, however, that the Court should not consider most of the affidavits that

Pimentel Guitar Makers filed with its reply brief. The Defendants object to Pimentel Guitar Makers allegedly injecting new evidence by way of additional affidavits in the reply brief. The Defendants contend that "[t]his new evidence enlarges the record of the procedural history associated with the preliminary injunctive requests . . . ," and that the Court should ignore the new evidence. Letter from Wildenstein and Walz at 1.

Specifically, the Defendants propose that the Court should rely only on the affidavits that the parties filed with the motion for preliminary injunction and with the response brief. The Defendants also do not object to the affidavit that Cara Pimentel signed, which Guitar Makers attached to its reply brief as Exhibit 20. Cara Pimentel was present to testify at the December 15, 2004 court hearing. The Defendants request that the Court disregard all other affidavit testimony found in Pimentel Guitar Makers's reply brief.

The Defendants' argument does not persuade the Court. The Court denied the motion to strike; however, the Defendants are still seeking the relief they sought in their motion. It is true that courts disfavor new arguments and evidence in a reply brief to supplement a main brief. But, in accordance with local rule 7.6, the Court has allowed the Defendants to file a surreply. The Defendants' proposal is not equitable. The new affidavits should have a bearing on the Court's ultimate decision if they are relevant, material, and probative.

It is true that all of these new affidavits, from both parties, may require the parties to call additional witnesses to the stand at the continued preliminary injunction hearing. Pimentel Guitar Makers's counsel indicated that he has no problem bringing the new affiants to Court to obtain their testimony. The Defendants contend that the witnesses will likely require the continued testimony of Lorenzo Pimentel beyond half an hour. The Defendants also contend that all of this new testimony

will result in the Court not completing the hearing on January 21, 2005.

The Court is well aware that additional affidavit witnesses may require additional time for both direct examinations and cross examination. But the parties must make professional judgments about what evidence and testimony to introduce in the limited time remaining for a hearing on Pimentel Guitar Makers' request for a preliminary injunction. The Court is not convinced that excluding the affidavit/evidence at this stage will expedited matters.

**IT IS ORDERED** that the Court will consider all affidavits that the parties submit in its determination of the Plaintiff's Motion for Preliminary Injunction.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Robert M. Doughty, III
Justin R. Baer
Hatch, Allen & Shepherd, P.A.
Albuquerque, New Mexico

-- and –

Dennis F. Armijo
Dennis F. Armijo, P.C.
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Jerry A. Walz
Walz & Associates
Albuquerque, New Mexico

*Attorneys for Defendant Hector Pimentel*

Kevin Lynn Wildenstein
Southwest Intellectual Property Services, LLC
Albuquerque, New Mexico

> *Attorneys for Defendants Danette I.L. Hinkle Pimentel
> and Danette I. Lovato-Pimentel Music Enterprises, Inc.*

Kevin Lynn Wildenstein
Southwest Intellectual Property Services, LLC
Albuquerque, New Mexico

> *Attorneys for Defendants Danette I.L. Hinkle Pimentel
> and Danette I. Lovato-Pimentel Music Enterprises, Inc.*