IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PIMENTEL & SONS GUITAR MAKERS, INC.,
a New Mexico corporation,

  Plaintiff,

vs.                            No. CIV-04-0360 JB/RLP

HECTOR PIMENTEL, an individual,
DANETTE I.L. HINKLE PIMENTEL,
an individual, and DANETTE I. LOVATO-
PIMENTEL MUSIC ENTERPRISES, INC.,
a New Mexico corporation,

  Defendants.

and

HECTOR PIMENTEL,

  Third-Party Plaintiff,

vs.

LORENZO PIMENTEL, RICK PIMENTEL,
and ROBERT PIMENTEL,

  Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

  **THIS MATTER** comes before the Court on the Motion to Extend the Scheduling Deadlines, filed January 20, 2005 (Doc. 54). The issue is whether the Court should grant a second extension of all the remaining pretrial deadlines. Because the Defendants have shown good and valid reasons not to extend the deadlines again, the Court will deny the motion to extend the scheduling deadlines.

**PROCEDURAL BACKGROUND**

Defendants Danette I.L. Pimentel and Danette I. Lovato-Pimentel Music Enterprises, Inc. ("Danette Pimentel") filed their counterclaims on May 7, 2004.  While rule 26(a)(1)(D) requires a party in its initial disclosures to produce for inspection and copying any insurance policy which may be used to satisfy any part of a claim, Plaintiff Pimentel & Sons Guitar Makers, Inc. ("Pimentel Guitar Makers") did not.  As far as the Court knows, the possibility of insurance and new counsel were unknown to the Defendants until January 13, 2005.  See Amendment to Plaintiff's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) at 1 (served January 10, 2005)(Doc. 60); Certificate of Service, filed January 10, 2005 (Doc. 60); Letter from Dennis F. Armijo to Jerry A. Walz and Kevin L. Wildenstein (dated January 10, 2005)(Doc. 60).

The parties have been able to conduct discovery since the Court held a rule 16 scheduling conference on July 1, 2004.  The Court has already extended the deadlines once.  See Order, filed September 13, 2004 (Doc. 24).  Under the current scheduling deadlines, discovery ends on February 6, 2005.  See id. The deadline for filing motions is March 8, 2005, and trial is set to begin on June 6, 2005.

The parties have conducted little discovery.  The parties have only recently propounded and responded to interrogatories and requests for production.  Danette Pimentel has sent out two discovery requests, and Pimentel Guitar Makers has sent out one discovery request.

The Defendants have objected to numerous discovery responses, allegedly because Pimentel Guitar Makers did not produce all of the responsive documents.  Since then, and after defense counsel's efforts, Pimentel Guitar Makers produced a few documents.  See Letter from Kevin Lynn Wildenstein to Dennis F. Armijo and Robert M. Doughty, III, at 1-3 (January 16, 2005)(Doc. 54).

Danette Pimentel, through two discovery requests, are still waiting for responsive documents from Pimentel Guitar Makers.

The Defendants responded to Pimentel Guitar Makers' discovery requests on January 18, 2005. See Co-Defendants Danette Pimentel and Danette Lovato-Pimentel Music Enterprises Answers to Plaintiff's First Set of Interrogatories (served January 18, 2005)(Doc. 54). That date was after the date Pimentel Guitar Makers was to produce responsive documents, but did not do so. Pimentel Guitar Makers did not produce any documents by that date because it responded to discovery by stating that documents would be ready for inspection and copying at its counsel's office, which necessitated a letter from Danette Pimentel's counsel. See Letter from Kevin Lynn Wildenstein to Dennis F. Armijo and Robert M. Doughty, III (January 16, 2005)(Doc. 54). The parties are currently attempting to amicably resolve these discovery disputes.

The parties have not taken any depositions. In addition to depositions of the two individual Defendants, Pimentel Guitar Makers wants to take the depositions of Mel Bay in Missouri and Hector Garcia in Florida. Danette Pimentel's counsel confirmed a specific date that Pimentel Guitar Makers requested for Danette Pimentel on January 21, 2005, but Pimentel Guitar Makers did not send out a response setting the deposition. See E-mail transmission from Kevin Wildenstein to Elaine Bryan, Jerry Walz, Dennis F. Armijo (dated December 2, 2004)(Doc. 60). Apparently, this proposed date coincided with the Court's January 21, 2002 hearing, although Danette Pimentel's counsel sent out the e-mail on December 2, 2004, before the Court set the January 21, 2005 hearing. See Notice of Continuation of Motion Hearing, filed December 23, 2004 (Doc. 42). Hence, although the parties have attempted to schedule the depositions of Defendants Hector Pimentel and Danette Pimentel, they have been unable to find dates when all parties are available.

Pimentel Guitar Makers recently retained Hatch, Allen & Shepherd, P.A. to defend it against the counterclaim that the Defendants have filed. The Hatch law firm entered its appearance on behalf of Pimentel Guitar Makers on January 13, 2005. See Entry of Appearance, filed January 13, 2005 (Doc. 49); Letter from Robert M. Doughty, III to Jerry A. Walz and Kevin L. Wildenstein (dated January 13, 2005)(Doc. 60). Pimentel Guitar Makers waited to notify the Defendants of the existence of an insurance policy until January 13, 2005, over eight months after Danette Pimentel filed her counterclaims.

Pimentel Guitar Makers' new counsel sent a letter to the Defendants' attorneys requesting dates for four depositions: Hector Pimentel, Danette Pimentel-Lovato, Hector Garcia, and Mel Bay. See Letter from Robert M. Doughty, III to Jerry A. Walz and Kevin L. Wildenstein at 1 (January 14, 2005)(Doc. 54). Pimentel Guitar Makers' new counsel states that it "will make every effort to attempt to set the depositions before the February 6, 2005 deadline; however, this may be impossible." Id. at 1-2. The letter also requested concurrence in the extension of the scheduling deadlines "[d]ue to the fact that my firm was recently involved . . . ." Id. at 1. In Pimentel Guitar Makers' motion, Pimentel Guitar Makers does not allege that it contacted Mr. Jerry Walz, counsel for Defendant Hector Pimentel, to see if he opposes the motion.

Danette Pimentel's counsel, Kevin Wildenstein, promptly responded and stated that he would not agree with an extension of the scheduling deadlines. See Letter from Kevin Lynn Wildenstein to Dennis F. Armijo and Robert M. Doughty, III at 3 (dated January 16, 2005)(Doc. 54). Mr. Wildenstein stated: "[W]e believe it is too late in the proceeding for another extension of the deadlines." Id. Wildenstein also stated:

> With due respect, the Pimentel Co-defendants do not concur to an

>       extension for a number of reasons.  For example, the Pimentel Co-
>       defendants' counterclaims were filed on May 7, 2004.  Presumably,
>       insurance coverage existed on this date as well, so that Mr. Doughty
>       could have entered his appearance shortly thereafter.  As such, we
>       believe it is too late in the proceeding for another extension of
>       deadlines. Moreover, we are concerned that since the Court has
>       already extended the deadlines once, it may not do so again, especially
>       in light of a May trial date.

Id.

      Despite Mr. Wildenstein's statement in his letter that it is too late for another extension of deadlines, his clients' recent Answers to Plaintiff's First Set of Interrogatories state that "discovery has only begun in this case."  Co-Defendants Danette Pimentel and Danette Lovato Pimentel Music Enterprises' Answers to Plaintiff's First Set of Interrogatories, Response to Plaintiff's Interrogatory No. 3, at 3 (dated January 18, 2005)(Doc.54).  Interrogatory No. 3 asked: "For each and every count of the complaint which you denied, please state with specificity the reasons for such denial."  Id. Knowing that Pimentel Guitar Makers had not yet produced responsive documents by the time these responses were due, Danette Pimentel answered that, while the request was broad in scope, it could also include those documents which Pimentel Guitar Makers will subsequently produce.  The statement that "discovery has only just begun in this case" refers to the fact that a responsive answer might include documents that Pimentel Guitar Makers had not yet produced.  Danette Pimentel provided this answer on January 18, 2005, a date that is after the date Pimentel Guitar Makers was to produce its documents.

      Pimentel Guitar Makers moves the Court to extend the scheduling deadlines.  Danette Pimentel declined to concur.  Defendant Hector Pimentel also opposes the motion.

### **D.N.M.LR-Civ. 7.1(a)**

      D.N.M.LR-Civ. 7.1(a) requires a movant to "determine whether a motion is opposed."

## ANALYSIS

While the parties may have used some of their discovery time to engage in settlement talks, there also is some evidence that they have not cooperated in discovery as much as possible to move this case forward. In any case, the Court has already given the parties one extension of the deadlines. Pimentel Guitar Makers has not shown good reasons to extend the deadlines again, and the Defendants have presented good, valid reasons why the Court should not grant Pimentel Guitar Makers' motion.

### I. THE COURT WILL CONSIDER PIMENTEL GUITAR MAKERS' MOTION.

Pimentel Guitar Makers urges the Court not to hear this motion because its counsel did not contact Hector Pimentel's counsel before filing the motion. But Pimentel Guitar Makers knew that the motion was opposed by some of the Defendants before it filed its motion. And Hector Pimentel does oppose the motion. While the Court prefers that the movant contact all parties and make the Court aware of everyone's position, Pimentel Guitar Makers has satisfied the letter and spirit of the rule. The Court will hear this motion.

### II. PIMENTEL GUITAR MAKERS HAS NOT PRESENTED GOOD REASONS FOR EXTENDING THE PRE-TRIAL DEADLINES A SECOND TIME.

The Court is concerned about the amount of money, time, and resources that the Pimentel family is devoting to this litigation. The Court is concerned that emotions are high and the cost of fees and other expenses may quickly exceed the amount at issue. The Court is concerned that the family members may have considerably less after this litigation is concluded, and will have spent a great deal of time in court rather than making money.

Pimentel Guitar Makers argues that it will not be possible for the parties to complete

discovery by February 6, 2005. But there are good and valid reasons for the Court not to grant another request for extension of time to conduct discovery. Pimentel Guitar Makers has had sufficient time to notice the depositions of Mel Bay and Hector Garcia. Discovery is moving forward, albeit late during the discovery period that the Court has set. The Court is concerned that an extension of time will result in the two individual Defendants expending additional time, money, and resources.

The Court has also reviewed the discovery and correspondence about discovery that the parties have submitted in connection with this motion. The parties appear to be disputing and objecting to many requests rather than trying to facilitate discovery. Given the contentiousness with which this litigation has proceeded to date, there is no reason to think the parties' overall approach will change. Thus, the Court is not convinced much more real discovery will occur in an extended time than it will in the remaining time.

Furthermore, the Court will begin its third day of the hearing on the motion for preliminary injunction. The Court has watched the cross-examinations, and they have, at times, resembled discovery and depositions, particularly with Pimentel Guitar Makers' cross examination of the two individual Defendants. In effect, Pimentel Guitar Makers is getting its sworn testimony for trial. That leaves only two depositions -- Mel Bay and Hector Garcia -- to take by the current deadline.

All litigation involves some tradeoffs and professional decisions about what is needed. The Bay and Garcia depositions seem at the edge of necessity. While the Court certainly is not aware of all issues, and is certainly not saying that they are unnecessary, Pimentel Guitar Makers has not shown why the pretrial deadlines should be extended for these two depositions.

Furthermore, the principal reason that Pimentel Guitar Makers gave in its January 10, 2005

letter to the Defendants for an extension is that it has new counsel. That Pimentel Guitar Makers' insurance defense counsel has now entered its appearance is not, however, sufficient reason for the Court to extend the deadlines a second time. Any insurance policy and/or coverage probably existed on May 7, 2004. Presumably, the Hatch Law Firm could have entered its appearance sooner than January 13, 2005. If it had come into the case earlier, the parties and the Court might not have to be dealing with this second motion for an extension of time. The Court should be careful not to shift the burden of expending additional money, time, and resources because either Pimentel Guitar Makers or its insurance company delayed its new counsel's entry into this case.

Defendants' Answers to Plaintiff's First Set of Interrogatories are not evidence that an extension of the scheduling deadlines would benefit all parties. The Court understands how Mr. Wildenstein can state that it is too late to extend the deadlines in this matter, and object to interrogatories and argue that discovery has only begun. The problem is that discovery has, for whatever reason, only recently begun, and the parties are involved in discovery disputes. But neither reason is a sufficient one to justify an opposed extension of time.

The Court is cognizant of the lack of discovery conducted in this matter to this point and the recent entry of appearance of Hatch, Allen & Shepherd, P.A. on behalf of Pimentel Guitar Makers. But Pimentel Guitar Makers appears to be largely responsible for those two events or reasons. The Court will not extend the scheduling deadlines.

**IT IS ORDERED** that Plaintiff Pimentel & Sons Guitar Makers, Inc.'s Motion to Extend the Scheduling Deadlines is denied and the scheduling deadlines will not be extended to allow for further discovery.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Robert M. Doughty, III
Justin R. Baer
Hatch, Allen & Shepherd, P.A.
Albuquerque, New Mexico

-- and --

Dennis F. Armijo
Dennis F. Armijo, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jerry A. Walz
Andrew P. Knight
Walz & Associates
Cedar Crest, New Mexico

    *Attorneys for the Defendant Hector Pimentel*

Kevin L. Wildenstein
Southwest Intellectual Property Services, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendants Danette I.L. Hinkle Pimentel*
      *and Danette I. Lovato-Pimentel Music Enterprises, Inc.*