**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

**PIMENTEL & SONS GUITAR MAKERS,
INC., a New Mexico corporation**,

        Plaintiff,

v.                                                                 No. CIV 04-360 BB/RLP

**HECTOR PIMENTEL, an individual,
DANETTE I.L. PIMENTEL, an individual,
and DANETTE I. LOVATO-PIMENTEL
MUSIC ENTERPRISES, INC., a New
Mexico corporation**,

        Defendants;

and

**HECTOR PIMENTEL,**

        Third-Party Plaintiff,

v.

**LORENZO PIMENTEL, RICK PIMENTEL,
and ROBERT PIMENTEL,**

        Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court for consideration of two motions for summary judgment filed by Plaintiff (Docs. 84, 112), as well as a motion to strike filed by Defendants (Doc. 115). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, Plaintiff's motion for summary judgment on the merits of its claims (Doc. 84) will be denied; Plaintiff's motion for summary judgment on Defendants' counterclaims and third-party

claims (Doc. 112) will be Granted in Part and Denied in Part; and Defendants' motion to strike will be Denied as moot. Subject to correction, this opinion will dispose of all outstanding motions in this case.

This case arises out of a family dispute over the use of the trade name "Pimentel Music" or variations thereof, as well as a dispute over the scope and meaning of a stipulated injunction entered into by Plaintiff and Defendant Hector Pimentel ("Hector") in 1989. Plaintiff requested a preliminary injunction, which was granted by a different judge following an extensive evidentiary hearing. The judge presiding over the preliminary-injunction proceedings subsequently recused, and the case was reassigned. Plaintiff then moved for summary judgment on its claims, and moved separately for summary judgment on all counterclaims and third-party claims raised by Defendants.

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." *Id.* On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Plaintiff's motions in light of these standards.

**Motion for Summary Judgment on Merits of Plaintiff's Claims:** Plaintiff's request for summary judgment on its claims is based mainly on the prior grant of a preliminary injunction in this case. Plaintiff points to the fact that the judge presiding over the injunction proceedings made a number of factual findings following the presentation of evidence. According to Plaintiff, those findings conclusively establish its right to summary judgment. As Defendants argue, however, at the summary-judgment stage a district court is not bound by any of the prior factual findings made following a preliminary-injunction hearing. *See City of Chanute v. Williams Natural Gas Co.*, 955 F.2d 641, 649 (10th Cir. 1992); *see also Southern Oregon Barker Fair v. Jackson County*, 372 F.3d 1128, 1136 (9th Cir. 2004) (district court that issued preliminary injunction was not bound by law of the case to issue summary judgment in favor of same party; general rule is that decisions on preliminary injunctions are not binding at trial on the merits, and do not constitute law of the case). This Court cannot, therefore, simply adopt the factual findings made following the preliminary-injunction hearing and grant summary judgment on the basis of those findings. As Defendants contend, the testimony presented at that hearing raises a number of genuine issues of material fact concerning Plaintiff's claims. For that reason, the motion for summary judgment on those claims will be denied.

**Motion for Summary Judgment on Defendants' Counterclaims and Third-Party Claims:** The above analysis does not dispose of this motion, because Plaintiff does not rely solely on the preliminary-injunction findings in requesting summary judgment on the counterclaims and third-party claims.[1] Instead, with respect to at least some of those claims, Plaintiff argues that Defendants have failed to adduce sufficient evidence to allow the claims to proceed to trial. As

---

[1]The Court will refer to these counterclaims and third-party claims as belonging to "Defendants," although the Court recognizes the third-party claims are brought by Hector alone rather than by all Defendants.

discussed below, Plaintiff's argument is correct as to some of the counterclaims and third-party claims.

The claim for intentional infliction of emotional distress ("IIED") must be dismissed because Defendants have not presented sufficient evidence of the severe emotional distress required to support such a claim. The only evidence the Court was able to locate in the record is one sentence in an affidavit filed by Hector Pimentel, claiming that as a result of Plaintiff's conduct "I have suffered severe emotional, financial and physical distress." [Exh. G, Resp. to MSJ on Counterclaims] This type of conclusory assertion of severe emotional distress, however, is not enough to allow an IIED claim to proceed past summary judgment. *See, e.g., Perkins-Carrillo v. Systemax, Inc.*, 2006 WL 1553957, *20 (N.D. Ga.); *Granger v. Klein*, 197 F.Supp.2d 851, 873 (E.D. Mich. 2002); *Paul v. Howard Univ.*, 754 A.2d 297, 308, n. 22 (D.C. App. 2000); *cf. Weeks v. Union Camp Corp.*, 2000 WL 72777 (4th Cir.) (conclusory assertion not sufficient to raise triable issue of fact concerning existence of serious mental harm, for invasion of privacy claim). Summary judgment will therefore be granted on Hector's claim for IIED.

Similarly, Defendants have failed to raise a genuine issue of fact concerning the claim for intentional interference with business relations ("IIBR"). This claim is based on Hector's assertion that his family attempted to induce him to sever his business relationship with Defendant Danette Pimentel ("Danette"), Hector's ex-wife. Hector's family allegedly offered to make him a $10,000 guitar if he would grant them the use of the Pimentel Music name and end his business relationship with Danette. It is undisputed, however, that Hector rejected the offer. One of the elements of a claim for IIBR is that actual damage occur to an existing or prospective business relationship; it is not enough that there was an attempt to interfere in a party's business relationships. *See, e.g., Reeves v. Hanlon*, 95 P.3d 513, 517 (Cal. 2004) (one element of tort of intentional interference with contract

is actual breach or disruption of the contractual relationship); *J. J. Industries LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003) (same); Restatement (Second) of Torts, § 766 (1979) (third party who induces or otherwise causes a person not to perform a contract is subject to liability for damages resulting from such failure to perform); *cf. Crivelli v. General Motors Co.*, 215 F.3d 386, 394 (3d Cir. 2000) (elements of tort of intentional interference with contract include the occasioning of actual legal damage); *M & M Rental Tools, Inc. v. Milchem, Inc.*, 612 P.2d 241, 245 (N.M. App. 1980) (adopting tort of intentional interference with prospective contractual relations; quoting Restatement language describing interference as "inducing" or "causing" a person not to enter into a contractual relationship, or "preventing" such a relationship from happening or continuing). Since Defendants have presented no evidence that any business relationship, either existing or prospective, was actually disrupted or breached by the actions about which Defendants complain, the most they can say is that there was an unsuccessful attempt to interfere with a business relationship. This is not sufficient to support a claim for IIBR, and the claim must therefore be dismissed.

Defendants have also failed to raise an issue of fact concerning one crucial element of the claim for malicious abuse of process--the lack of probable cause requirement. Defendants maintain that Plaintiff had no probable cause to bring this lawsuit. However, in the brief in support of summary judgment, Plaintiff cited a New Mexico Supreme Court case for the proposition that the grant of a preliminary injunction, following an evidentiary hearing, conclusively establishes that probable cause existed for filing the action. *Bokum v. Elkins*, 355 P.2d 137, 141 (N.M. 1960). Defendants did not respond to this citation with any authority to the contrary. In addition, the *Bokum* court's statement is in accordance with the law in other jurisdictions. *See, e.g., Fleishman v. Superior Court*, 125 Cal.Rprtr.2d 383, 390 (Ct. App. 2002) (issuance of preliminary injunction after hearing on the merits conclusively established probable cause for bringing underlying cause of action);

5

*Struve v. Bingham*, 663 N.Y.S.2d 578, 579 (Ct. App. 1997) (same). In this case, the judge to whom this case was originally assigned held an extensive hearing on the request for preliminary injunction, weighed the evidence presented, and granted the request. This grant conclusively establishes that Plaintiff had probable cause to bring the lawsuit.[2] The malicious prosecution claim must therefore be dismissed.

The Court's consideration of the counterclaim for prima facie tort has been hindered by the fact that Defendants cited no case law in their discussion of the claim, except a case that discusses IIED and does not even mention prima facie tort. [Resp. to MSJ on counterclaims, p. 19] The elements of a claim for prima facie tort are as follows: "1. An intentional, lawful act by defendant; 2. An intent to injure the plaintiff; 3. Injury to plaintiff, and 4. [A lack] of justification or insufficient justification for the defendant's acts." *Schmitz v. Smentowski*, 785 P.2d 726, 734 (N.M. 1990). Defendants have not explained how the facts on which they rely fit these elements. Furthermore, an action for prima facie tort cannot be used to avoid more stringent requirements of other torts. *See Stock v. Grantham*, 964 P.2d 125, 136 (N.M. App. 1998). In particular, where a claim for prima facie tort merely repeats factual allegations made in support of other claims for established torts, the prima facie tort claim must be dismissed. *See Hill v. Cray Research*, 864 F.Supp. 1070, 1080 (D.N.M.1991); *see also Stock v. Grantham, supra* at pp. 136-37. That is what Defendants have done in this case; they recited the same actions in support of the prima-facie-tort claim as they did in support of their other tort claims, and failed to tie those actions to any of the elements of a prima facie tort. Summary judgment will therefore be granted on this claim.

---

[2] It must be noted that probable cause to bring the action is not the same as succeeding on the merits; as discussed above, the decision on the preliminary injunction does not establish in any way that Plaintiff should or will succeed on the merits.

Defendants' claim for breach of contract is based on the alleged agreement between Hector and Plaintiff, to the effect that Hector was allowed to use space at Plaintiff's guitar store to give guitar lessons, in exchange for recommending that his students purchase guitars, music books, and equipment from Plaintiff. This claim is complicated by the fact that, at the preliminary-injunction hearing, Hector disavowed any contractual relationship between himself and Plaintiff. [Exh. D, Resp. to MSJ on counterclaims, transcript p. 99] However, Hector is a layperson and not a lawyer, and the facts adduced by the parties indicate there was an exchange of consideration between the parties (Hector's use of the premises in exchange for increasing Plaintiff's business), as well as a business relationship lasting a number of years. On the present record, and viewing the facts in the light most favorable to Defendants, the Court finds there was a contract between the parties. The more difficult issue is whether there is any evidence of a breach of that contract. Defendants maintain Plaintiff breached the contract by "evicting" Hector from the premises. They do not explain how this eviction breached an unwritten contract that apparently contained no provisions concerning how or when the contract could be terminated. However, again giving Defendants the benefit of the doubt, the Court can glean from the evidence presented that Hector was evicted from the premises without any advance notice, due to the fact that he refused to sign over the right to use the trade name "Pimentel Music" or some variation thereof, and refused to disavow his ex-wife's use of that name in her business. [Exh. D, *Id.*, pp. 99, 143-49]. This evidence, albeit slim at this stage, raises an issue of fact as to whether Plaintiff breached the covenant of good faith and fair dealing that is a part of every contract and therefore breached the contract itself. *See WXI/Z Southwest Malls v. Mueller*, 110 P.3d 1080, 1087 (N.M. App. 2005) (every contract in New Mexico, express or implied, imposes duty of good faith and fair dealing in performance of the contract; actions taken in bad faith violate this covenant). Furthermore, the evidence raises an issue of fact as to whether Plaintiff provided Hector

7

with reasonable notice before terminating the contract. *See, e.g., McReynolds v. Cherokee Ins. Co.*, 896 S.W.2d 777, 779-80 (Tenn.Ct.App.1994) (generally, contracts that do not specify a duration are terminable at will by either party *with reasonable notice); Collins v. Pic-Town Water Works, Inc.*, 166 So.2d 760, 762 (Fla. App. 1964) (where contract is indefinite as to time, contract can last indefinitely until one of the parties gives reasonable notice of termination to the other). Summary judgment is therefore not appropriate on the breach-of-contract claim.

As to any remaining counterclaims or third-party claims, they were either not argued or their resolution is tied up with the merits of the parties' claims concerning ownership of the "Pimentel Music" trademark (or variations thereof). Summary judgment will therefore be denied as to those claims.[3]

**Defendants' Motion to Strike:** This motion is directed at Plaintiff's motion for summary judgment on the counterclaims and third-party claims. It is identical to a motion to strike that was directed at the motion for summary judgment on Plaintiff's claims, and was denied as moot by the judge previously presiding over this case. The Court finds this motion is moot as well, and will deny it on that basis.

**ORDER**

Based on the foregoing memorandum opinion, it is hereby ORDERED that Plaintiff's motion for summary judgment on its claims (Doc. 84) be, and hereby is, DENIED; that Plaintiff's motion for summary judgment on the counterclaims and third-party claims (Doc. 112) be, and hereby is,

---

[3] For example, the unfair trade practices act claim is based on Plaintiff's use of the "Pimentel Music" trademark, or variations of that name, despite Defendants' claim that they are the true owners of that mark. Since there are genuine issues of material fact concerning ownership of that trademark, as well as the effect (if any) of the 1989 injunction on such ownership, summary judgment is not appropriate on this claim.

GRANTED in part and DENIED in part; and that Defendants' motion to strike (Doc. 115) be, and hereby is, DENIED.

Dated this 19th day of September, 2006.

BRUCE D. BLACK
United States District Judge


**ATTORNEYS**:

**For Plaintiff and Third-Party Defendants**:
Judd C. West
Dennis F. Armijo

**For Defendant Hector Pimentel**:
Jerry A. Walz

**For Defendants Danette I. L. Pimentel and Danette I. Lovato-Pimentel Music Enterprises**
Kevin L. Wildenstein
Ray Twohig