IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

**PIMENTEL & SONS GUITAR MAKERS, INC.,**
a New Mexico corporation,

   **Plaintiff,**

v.                   No. CIV 04-360 BB/RLP

**DANETTE I.L. HINKLE PIMENTEL,** an individual, and **DANETTE I. LOVATO-PIMENTEL MUSIC ENTERPRISES, INC.,** a New Mexico corporation,

   **Defendants.**

## MEMORANDUM OPINION AND ORDER ON MOTIONS FOR RECONSIDERATION

  **THIS MATTER** is before the Court on the motions of Defendant Danette I. Lovato-Pimentel ("Defendant Danette") to reconsider this Court's letter opinion of November 17, 2006, embodied in the Order of December 7, 2006. After considering the briefs of counsel and being otherwise fully advised, the Court will Deny Defendants' *Motions to Reconsider* [docs. 186 & 187].

### *Discussion*

  While not expressly recognized by the Rules of Civil Procedure, a motion to reconsider is appropriate when (1) the court has made a manifest error of fact or law; (2) there is newly discovered evidence or (3) there has been a change in the law. *Williams v. Weber*, 905 F. Supp. 1502, 1514 (D. Kan. 1995); *cf. Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997) (treating same as motion to alter under Fed. R. Civ. P. 59(e)).

*Unfair Trade Practices Act*

In the *Order* of December 7, 2006, this Court granted Plaintiff's motion to dismiss Count III of Defendant Danette's counterclaim based on the New Mexico Unfair Trade Practices Act, NMSA 1978 § 57-12-1 *et seq.* (Repl. Pamp. 2000) ("the Act"). Defendants argue strenuously that the New Mexico Court of Appeals got it wrong in *Santa Fe Custom Shutters & Doors, Inc. v. Home Depot U.S.A., Inc.*, 113 P.3d 347 (N.M. App. 2005), when it limited that New Mexico Act to seller-consumer relationships. However, recent authoritative state court opinions as to the meaning of state law are to be honored in diversity cases. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938); *cf. Hughes v. City of Fort Collins, Colo.*, 926 F.2d 986, 990 (10th Cir. 1991) ("A mere assertion that the controlling law is wrong should at the very least be viewed critically by the district court."). Defendant Danette's arguments that the New Mexico Court of Appeals misinterpreted the New Mexico statute by relying on Texas decisions is unpersuasive.

Defendant Danette's *Motion for Reconsideration* on the meaning of the New Mexico Unfair Trade Practices Act fails to meet any of the three rehearing requirements and is Denied.

*Lanham Act*

This case now presents a singularly complex set of facts with regard to the trademark-trade name claims.[1] Defendant Danette alleges Defendant Hector Pimentel used his name "the Hector Pimentel marks" in the music business prior to the time Plaintiff used the name. In May 1996, Defendants Hector and Danette received a New Mexico state trademark using

---

[1] At this stage of the proceedings, the pleadings of Counterclaimant are accepted as true for purposes of the motion. *Carpenter Paper Co. v. Calcasieu Paper Co.*, 164 F.2d 653 (5th Cir. 1947).

"Hector Pimentel."  In 2003, Hector and Danette were divorced.  Under the divorce decree, Danette was initially required to completely remove the name "Hector Pimentel" from the corporate name "Hector Pimentel Music Enterprises, Inc."  After the initiation of the present litigation, the divorce decree was amended by stipulation.  Under the June 22, 2004 Stipulation, Hector Pimentel permitted Danette to use the original corporation name "Hector Pimentel Music Enterprises, Inc."  The current version of the corporation formerly known as "Hector Pimentel Music Enterprises, Inc.," is "Danette Lovato-Pimentel Music Enterprises, Inc."

Effective September 27, 2006, Hector Pimentel entered into a settlement and release with Plaintiffs-Counter-defendants.  Under the terms of the release, "Hector Pimentel shall assign any and all interests he has for the mark 'Pimentel Music' to Plaintiff," Pimentel & Sons Guitar Makers, Inc.  Also, "Plaintiff shall grant Hector Pimentel a license to the mark 'Hector Pimentel Music Enterprises'; however, he must use the disclaimer as provided in the 1989 Stipulated Injunction."

The general rule in trade name law is that a corporation has the right to use any name it has lawfully acquired.  *Galt House, Inc. v. Home Supply Co.*, 483 S.W.2d. 107, 174 U.S.P.Q. (BNA) 268 (Ky. 1972).  However, when a family name is involved, family members may retain an interest in use of the name.  3 CALLMANN ON UNFAIR COMP., TR. & MONO. § 20:53 (4th ed.).  This especially when, as here, the transferor of the name had some control of the transferee corporation at the time of the transfer.  *Id.*  The primary right to use the name Hector Pimentel Music Enterprises as a trademark must therefore rest in Hector Pimentel.  This conclusion is reinforced here by the fact the original divorce decree required Danette to remove "Hector

Pimentel" from the corporate title. Under the later divorce stipulation, Hector in effect licensed use of his family name to Danette. Under New Mexico community property law, therefore, Danette may have the right to a share of any profit derived from the use of that name. *Rodrigue v. Rodrigue*, 218 F.3d 432 (5th Cir. 2000). It is, however, Hector's intent as his actions make clear to retain the primary interest in the Pimentel name. *See Alabama Equipment Co. v. Ewin*, 148 So. 2d 209 (Ala. 1962); *New York Trust Co. v. Believe It or Not, Inc.*, 178 N.Y.S.2d 12, 118 U.S.P.Q. (BNA) 119 (N.Y. Sup. 1958). Therefore, even if Hector had licensed the right to use the Pimentel name to Danette, she does not have standing to directly challenge either Hector's use of the name or its use by others to whom it may also be licensed. *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 277 F.3d 253, 259 (2d Cir. 2002); *Tap Publications, Inc. v. Chinese Yellow Pages (New York), Inc.*, 925 F. Supp. 212, 217 (S.D.N.Y. 1996).

## ORDER

For the above stated reasons, Defendant Danette Lovato-Pimentel has failed to meet the standard for reconsideration, and her *Motions for Reconsideration* are DENIED.

DATED this 7th day of February, 2007.

**BRUCE D. BLACK**
**United States District Judge**